IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,                        No. 25-1470

v.

WILLIAM A. SMITH,

  Defendant-Appellant.

_____

## DEFENDANT-APPELLANT'S BRIEF ON APPEAL

### ***ORAL ARGUMENT REQUESTED***

Appealed from Case No. 24-cr-20532-1 in the United States District Court, Eastern District of Michigan, Southern Division

Submitted by:

Gerald K. Evelyn
Counsel for Defendant-Appellant
409 E. Jefferson Ave., Ste. 500
Detroit, MI 48226
(313) 962-3500
geraldevelyn@yahoo.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………..ii

STATEMENT IN SUPPORT OF ORAL ARGUMENT…………………………….iv

STATEMENT OF QUESTIONS PRESENTED FOR REVIEW……………..……v

STATEMENT OF APPELLATE JURISDICTION…………………………....…vi

STATEMENT OF THE CASE………………………………….…………………....1

SUMMARY OF ARGUMENT……………………………………………………..2

ARGUMENT…………………………………………………………….....……2

    A.     Mr. Smith's Sentence was Substantively Unreasonable……….…..2

    B.     Sophisticated Means and Sophisticated Laundering Enhancements Should Not Have Both Applied……………………………..……..6

CONCLUSION AND RELIEF REQUESTED……………………………….....9

CERTIFICATE OF SERVICE…………………………………….......…………10

CERTIFICATE OF COMPLIANCE………………………………….....……..11

DESIGNATION OF RECORD..................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                                                                             **PAGE(S)**

*Irizarry v. United States*,
      553 U.S. 708 (2008)………………………………………………………4

*Kimbrough v. United States*,
      552 U.S. 85 (2007)………………………………………………………..5

*Nelson v. United States*,
      129 S. Ct. 890 (2009)……………………………………………………..4

*Pepper v. United States*,
      131 S. Ct. 1229 (2011)……………………………………………………5

*Rita v. United States*,
      551 U.S. 338 (2007)……………………………………………………3, 4

*United States v. Adams*,
      873 F.3d 512 (6th Cir. 2017)……………………………………………...2

*United States v. Cabera*,
      635 Fed App'x 801 (11th Cir. 2015)…………………………………….7

*United States v. Cardi,*
      520 F.3d 984 (9th Cir. 2008)……………………………………………..4

*United States v. Caruthers*,
      458 F.3d 459 (6th Cir. 2006)……………………………………………...3

*United States v Foreman*,
      436 F.3d 638 (6th Cir. 2006)……………………………………………...5

*United States v. Gould*,
      30 F.4th 538 (6th Cir. 2022)……………………………………………..6

*United States v. Harris*,
      679 F.3d 1179 (9th Cir. 2009)…………………………………………....4

*United States v. Iossifov*,
    45 F.4th 899 (6th Cir. 2022)……………………………………………6

*United States v. Mehmood*,
    742 Fed. App'x 928 (6th Cir. 2018)……………………………………7

*United States v. Price*,
    901 F.3d 746 (6th Cir. 2018)…………………………………………...3

*United States v Robinson*,
    778 F.3d 515 (6th Cir. 2015)…………………………………………...3

*United States v. Vonner*,
    516 F.3d 382 (6th Cir. 2008)…………………………………………...5

*United States v Vowell*,
    516 F.3d 503 (6th Cir. 2008)…………………………………………...3

## **COURT RULES, STATUTES AND OTHER AUTHORITIES**

18 U.S.C. § 3553(a)..................................................................v, 2, 3, 4, 5, 6

28 U.S.C. § 1291……………………………………………………………..vi

Fed. R. App. P. 3……………………………………………………………..vi

Fed. R. App. P. 4……………………………………………………………..vi

Fed. R. App. 34(a)(1)..................................................................................iv

U.S.S.G. § 2B1.1(b)(10)c……………………………………………………..7

U.S.S.G. § 2S1.1(b)2(b)……………………………………………………….7

U.S.S.G. § 2S 1.1(b)(3)……………………………………………………….7

# **STATEMENT IN SUPPORT OF ORAL ARGUMENT**

Pursuant to Fed. R. App. P. 34(a)(1) and Sixth Circuit Rule 34, Mr. Smith respectfully requests oral argument in this matter. This appeal raises important questions relating to the substantive reasonableness of a lengthy criminal sentence, and the improper application of multiple sentencing guideline enhancements that increased the sentencing guideline range.

# STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether Mr. Smith's sentence was substantively unreasonable when it was arbitrarily set and failed to properly account for the § 3553(a) factors.

2. Whether the sophisticated laundering and sophisticated means enhancements should have both applied when both were based on the same course of conduct.

# STATEMENT OF APPELLATE JURISDICTION

The District Court had jurisdiction over this matter pursuant to the Complaint (**R. 1**), and the Information (**R. 14**).

The matter was resolved by a Rule 11 Plea Agreement (**R. 22**), and a final Judgment was entered on May 1, 2025 (**R. 36**).

Mr. Smith timely filed a Notice of Appeal on May 14, 2025 (**R. 37**).

As a final judgment has been entered, Mr. Smith has a right to appeal pursuant to 28 U.S.C. § 1291, Fed. R. App. P. 3 and 4.

# STATEMENT OF THE CASE

Mr. Smith pleaded guilty pursuant to a Rule 11 Plea Agreement. **R. 22, Rule 11 Plea Agreement**. Mr. Smith's guilty plea was to Count I, wire fraud, in violation of 18 USC § 1343 and Count II, laundering in monetary instruments in violation of 18 USC § 1956(a)(1)(B)(i). The charges in this case are a result of Mr. Smith's embezzlement of funds from the Detroit Riverfront Conservancy ("DRFC") over approximately a 12-year period.

As part of that Plea Agreement, and pertinent here, Mr. Smith agreed that if his "sentence of imprisonment does not exceed 235 months or the mid-point of guideline range determined by the Court, whichever is greater, the Defendant may not appeal the sentence on any grounds." **R. 43, Plea Hearing Transcript**, Page ID # 46.

Mr. Smith was sentenced to 19 years in prison. **R. 41, Sentencing Transcript,** Page ID # 458. In fixing the length of sentence, the district court indicated that Mr. Smith's sentence of 19 was one year for every year of employment at the DRFC. **Id**.

Additional facts are referenced in the Argument section below, as necessary.

## SUMMARY OF ARGUMENT

Mr. Smith's sentence should be vacated and this matter remanded for resentencing because (1) it is substantively unreasonable as arbitrarily tethered to impermissible considerations, such as the history of the City of Detroit and Mr. Smith's length of employment at the DRFC, and was also not based upon proper consideration of the § 3553(a) factors and (2) the Court erred in applying both the sophisticated laundering and sophisticated means sentencing guidelines enhancements, as both were premised on the same conduct.

## ARGUMENT

### A. Mr. Smith's Sentence was Substantively Unreasonable

The district court's sentence was substantively unreasonable because (1) it lacked fidelity to the § 3553(a) factors and (2) appeared to be arbitrarily tethered to the length of Mr. Smith's employment at the DRFC. For these reasons, the Court should vacate Mr. Smith's sentence, and remand this matter for resentencing.

The Court reviews the "substantive reasonableness of a sentence under an abuse of discretion standard." *United States v. Adams*, 873 F.3d, 512, 520 (6th Cir. 2017).

There is a rebuttal presumption of substantive reasonableness over sentencing within the guidelines. *Id*. But this presumption "is not binding" does not, like a trial-related evidentiary presumption, insist that one side, or the other, shoulder a

particular burden of persuasion or proof less they lose their case." *Rita*, 551 U.S. at 347. Thus, the presumption does not "reflect strong judicial deference of the kind that leads appeals courts to grant greater fact-finding leeway to an expert agency into a district judge." *Id*. § 3553(a) of Title 18 guides appellate review of the substantive reasonableness of a sentence.

"A sentence is substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v Robinson*, 778 F.3d 515, 519 (6th Cir. 2015) (quoting *United States v Vowell*, 516 F.3d 503, 512 (6th Cir. 2008). A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relative sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Price*, 901 F.3d 746, 749 (6th Cir. 2018) (quotation omitted, alteration added). It is well settled that "a defendant who waives his right to appeal does not subject himself to being sentenced at the whim of a district court." *United States v Caruthers*, 458 F.3d 459, 471-72 (6th Cir. 2006).

Of course, the district court was governed by § 3553(a) in imposing sentence. In that vein, the district court had to "mold an individualized assessment based on the facts presented, regardless of whether the sentence is above, below, or within the guidelines." *Gall*, 522 U.S. at 50.

Under § 3553(a), the sentencing guideline range should be the "initial benchmark" or "starting point to help the district court craft" a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing described in the sentencing factors of § 3553(a). *Id.*, at 50, n 6. A party "may argue within the Guideline's framework for a departure, or a party may argue that independent of the Guidelines application of the factors set forth in 18 U.S.C §3553(a) warrants a different sentence." *Rita v. United States*, 551 U.S. 338, 344 (2007). There is no limit to what kind of variance a district court may determine is justified under the sentencing factors. *Irizarry v. United States*, 553 U.S. 708, 715 (2008). Moreover, a guideline sentence is not presumed to be reasonable in district courts, which unlike in this Court, do not enjoy the benefits of a legal presumption that the guidelines sentence should apply. *Nelson v. United States*, 129 S. Ct. 890 (2009) (per curiam); *Rita v. United States,* 551 U.S. 338 (2007); *United States v. Cardi,* 520 F.3d 984, 981(9th Cir. 2008).

Indeed, district courts may consider a number of factors in determining an appropriate sentence under § 3553(a). "Sentencing is an art not to be performed as a mechanical process but as a sensitive response to a particular person who has a particular personal history and has committed a particular crime." *United States v. Harris*, 679 F.3d 1179, 1183 (9th Cir. 2009). "The sentencing court must not be so appalled by the offense that it loses sight of the offender" and "the record must reflect

the required consideration of the history and characteristics of the defendant under 18 USC §3553(a)." *United States v. Vonner*, 516 F.3d 382, 392 (6th Cir. 2008).

As such, the overarching duty of the sentencing court is to "impose a sentence sufficient, but not greater than necessary to accomplish the goals of sentencings." *Kimbrough v United States*, 552 U.S. 85, 49-50, 53-60 (2007); *Pepper v United States*, 131 S.Ct. 1229, 1242-43 (2011). This "parsimony provision" is not simply a factor to be considered in determining the sentence; it represents a limit the court is statutorily prohibited from exceeding-even when a greater sentence is recommended by the sentencing guidelines. *United States v Foreman*, 436 F.3d 638 (6th Cir. 2006).

Here, the district court's sentence was substantively unreasonable because (1) it lacked fidelity to the 3553(a) and (2) appeared to be arbitrarily tethered to the length of Mr. Smith's employment at the DRFC.

The district court appeared to place outsized weight on the history and circumstances of the City of Detroit, almost the entirety of which was completed unrelated to Mr. Smith and this case. For example, the district court referenced "white flight" from the City, as well as political corruption in the City, none of which has any bearing on this case, and certainly not Mr. Smith's sentence.

At the same time, the district court's sentence did not appear to properly weigh Mr. Smith's history and personal characteristics. See **R. 35, Defendant's Memorandum in Aid of Sentencing**, Page ID ## 313-315, 317-318. Nor did the

5

sentence appear to properly consider the balance of the § 3553(a) factors. **Id**., Page ID ## 318-332. This is particularly true in light of the district court's pronouncement when fixing Mr. Smith's sentence: Mr. Smith would receive one year in prison for every year he was employed at the DRFC. **R. 41, Sentencing Transcript**, Page ID # 458. Not only does the sentence (as articulated in this manner) ignore the undisputed reality that Mr. Smith's embezzlement spanned 12 of his 19 years at the DRFC, but it is also not a reasonable outgrowth of any reasonable consideration of the § 3553(a) factors.

For these reasons, the Court should vacate Mr. Smith's sentence, and remand this matter for resentencing.

### B. Sophisticated Means and Sophisticated Laundering Enhancements Should Not Have Both Applied

Where there was no reasonable delineation between Mr. Smith's conduct related to the sophisticated laundering enhancement as compared with the sophisticated means enhancement, this district court erred in applying both enhancements.

As to the application of sentencing guidelines enhancements, the Court reviews the district court's factual findings for clear error, *United States v. Iossifov*, 45 F.4th 899, 922 (6th Cir. 2022), and its interpretation of the Sentencing Guidelines de novo, *United States v. Gould*, 30 F.4th 538, 542 (6th Cir. 2022).

6

Mr. Smith objected to the collective application of USSG §2B1.1(b)(10)c and USSG § 2S1.1(b)2(b).[1] **R. 28, Presentence Investigation Report**, ¶¶ 34, 35; **R. 41, Sentencing Transcript**, Page ID ## 417-420.

While the sentencing guidelines do not forbid applying the sophisticated means and the sophisticated laundering together, *United States v. Cabera*, 635 Fed Appx 801, 808 (11th Cir. 2015), the sentencing guidelines expressly contemplate that the enhancements may be applied cumulatively so long as the conduct that is the basis for applying the sophisticated laundering enhancement is not the only conduct that is the basis for applying the sophisticated means enhancement. U.S.S.G. §2S 1.1(b)(3) and CMT. 5(B). Indeed, the sentencing guidelines provide that the application of both sophisticated means and sophisticated laundering is improper when the same conduct forms the basis of each enhancement. *United States v. Mehmood*, 742 Fed. Appx. 928, 943 (6th Cir. 2018), citing U.S.S.G. §2S1.1, n. 5(B) ("if subsection b3 applies, in the conduct that forms the basis for an enhancement under the guideline applicable to the underlying offense is the only conduct that forms the basis for application of subsection b3 of this guideline, do not apply to subsection b3 of this guideline").

---

[1] Mr. Smith preserved this objection to the sentencing guideline scoring by timely filing an objection with the Probation Department, as well as making the objection at sentencing.

Here, Mr. Smith objected to the Probation Department's, and ultimately the district court's, application of both sophisticated means and sophisticated laundering, specifically where PSIR and district court found that both:

> Applying two level enhancement for use of sophisticated means pursuant to USSG § 2B1.1(b)(10) because Smith provided altered bank statements which caused the inflated unavailable balance in the account, replace the transactions involving American Express ACH payments and wire transfers to the Joseph Group with other fictious information; and Smith maintained two ledgers and created and provided notices in order to conceal his fraudulent conduct. This conduct is separate from the methods used to apply the sophisticated laundry enhancement. For the sophisticated laundering enhancement, the Defendant transferred conservancy funds to several business entities owned and then the funds were transferred to another business, again by Smith. The Defendant transferred through multiple bank accounts and provided fraudulent financial statements to the staff accountant to hide his theft. **Id.**, ¶ 90.

Mr. Smith objected to this finding because there is not any reasonable distinction or delineation in Mr. Smith's conduct sufficient to find that he engaged in different conduct necessary to support application of the sophisticated means and sophisticated laundering enhancements in this case. Further, the district court's application of both enhancements was flawed Mr. Smith's scheme to defraud the DRFC was part of a singular plan and operation, and as such, the sophisticated laundering is sufficient to cover those activities. While the Rule 11 Plea Agreement provided that the parties jointly recommend that they will recommend the

8

sophisticated laundering enhancement applies (and the Probation Department found that it does), the sophisticated means enhancement should not also have applied. Thus, the district court should have rejected application of the sophisticated means enhancement, which should have resulted in a two-point reduction in Mr. Smith's overall offense level, and a resulting guideline range of 151 to 188 months.

For these reasons, the Court should vacate Mr. Smith's sentence, and remand this matter for resentencing.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, the Court should vacate Mr. Smith's sentence, remand this matter for resentencing, and grant Mr. Smith any other relief it deems proper.

Respectfully submitted,

s/Gerald K. Evelyn
Gerald K. Evelyn
Counsel for Defendant-Appellant

Dated: November 18, 2025

## CERTIFICATE OF SERVICE

I certify that on November 18, 2025, I electronically filed Defendant-Appellant's Brief on Appeal with the Clerk of the United States Court of Appeals for the Sixth Circuit, which served a copy of the document upon all counsel of record.

s/Gerald K. Evelyn<br>
Gerald K. Evelyn<br>
Counsel for Defendant-Appellant

Dated: November 18, 2025

# CERTIFICATE OF COMPLIANCE

This Brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 21(d)(1) because, excluding accompanying documents and the parts of the Brief exempted by Rule 32(f), it contains 1,976 words. This Brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

                                                s/Gerald K. Evelyn
                                                Gerald K. Evelyn
                                                Counsel for Defendant-Appellant

Dated: November 18, 2025

# DESIGNATION OF RECORD

| Record Entry Number | Description | Page ID # Range |
|---|---|---|
| 1 | Complaint | 1-20 |
| 14 | Information | 50-58 |
| 22 | Rule 11 Plea Agreement | 69-94 |
| 28 | Final Presentence Investigation Report | 197-235 |
| 35 | Defendant's Memorandum in Aid of Sentencing | 310-390 |
| 36 | Judgment | 391-406 |
| 37 | Notice of Appeal | 407 |
| 41 | Sentencing Transcript | 413-463 |
| 43 | Plea Hearing Transcript | 465-498 |