In the
United States Court of Appeals
for the Sixth Circuit

United States of America,

    Plaintiff-Appellee,

                                  6th Cir. No. 25-1470

    v.

William Smith,

    Defendant-Appellant.

---

## Motion to Dismiss Appeal Based on Appeal Waiver

---

William Smith pleaded guilty to wire fraud and laundering of monetary instruments and received a within-guideline sentence of 228 months. In his plea agreement, Smith waived "any right" to appeal a sentence "on any grounds" provided his sentence did not exceed 235 months. Smith acknowledges in his appellate brief that his plea agreement contains an appeal waiver, nonetheless he appeals his sentence. Given the appeal waiver, Smith's appeal should be dismissed.

## Background

For more than a decade, Smith was the Chief Financial Officer for the Detroit Riverfront Conservancy, a 501(c)(1) organization formed with the mission of developing access to the Detroit riverfront. (R.22:

Plea Agreement, 72). Between 2012 and 2024, Smith stole more than $44 million from the Conservancy and took complex steps to conceal his theft. (*Id.*, 72-77). He was eventually caught and charged with wire fraud, in violation of 18 U.S.C. § 1343, and laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (R.14: Information, 50-58).

Smith pleaded guilty to both offenses pursuant to a Rule 11(c)(1)(B) agreement. (R.22: Plea Agreement, 69-94). In the plea agreement, Smith waived his right to "appeal his conviction on any grounds" and waived his right to appeal his sentence if his "sentence of imprisonment does not exceed the midpoint of the guideline range determined by the Court or 235 months, whichever is greater." (*Id.*, 91).

At the plea hearing, the district court asked Smith if he had the opportunity to review the plea agreement, if he had the opportunity to discuss it with his attorney, and if he understood it. Smith responded yes to all three questions. (R.43: Plea Tr., 468). The district court confirmed that Smith, who had earned a master's degree in finance, could read, write, and understand the English language. (*Id.*, 472). The court found that Smith was competent and "capable of entering a knowing, intelligent plea." (*Id.*, 472-73). Smith told the district court

2

that he had discussed the terms of the plea agreement with his attorney, had all of his questions answered, and fully understood the terms of the plea agreement. (*Id.*, 474-78). Smith acknowledged that it was his choice alone to plead guilty. (*Id.*, 494).

In summarizing the material provisions of the plea agreement, the government made clear that it was recommending a sentence not to exceed 235 months or the mid-point of the guideline range as determined by the court, whichever is greater. (*Id.*, 485). Neither party could withdraw from the agreement if the court did not follow that recommendation. (*Id.*). The government also placed the appeal waiver on the record, explaining that Smith agrees to waive his right to appeal his conviction on any grounds and to appeal his sentence if it does not exceed 235 months or the midpoint of the guidelines, whichever is greater. (*Id.*, 486). The court asked Smith if he understood the terms and consequences of the agreement. (*Id.*, 487-88). He did. (*Id.*, 488).

The district court also reviewed the appeal waiver with Smith, telling him that if it accepted his guilty plea that he would not be able to appeal his conviction and sentence. (*Id.*, 489). The district court explained how the plea agreement was a binding contract between the parties and that both sides were equally bound by its terms. (*Id.*, 488).

3

The court asked Smith if he understood that he could "not successfully argue that [he] did not realize how severe [his] sentence might be." (*Id.*, 489). Smith said he understood. (*Id.*).

At sentencing, Smith indicated that he wished to maintain his guilty plea, and the district court accepted the plea agreement (R. 41: Sentencing Tr., 416, 434). The parties disputed whether both USSG § 2B1.1(b)(10)(c), sophisticated means, and USSG § 2S1.1(b)(3), sophisticated laundering, could be scored. The court found that since the conduct for each enhancement was separate and distinct, both should be scored. (*Id.*, 418-20). The court determined that Smith's guideline range was 188-235 months. (*Id.*, 420). The government asked for a sentence of 216 months. (*Id.*, 447). Rather than advocate for a specific prison term, Smith simply asked for a fair and just sentence. (*Id.*, 440). The district court sentenced Smith to 228 months on both counts, to run concurrently. (*Id.*, 458; R.36: Judgment, 392).

Smith now appeals his sentence. (R.37: Notice of Appeal, 407). He seeks to challenge the reasonableness of his sentence and the application of a sentencing guideline enhancement. While Smith acknowledges that his plea agreement contains an appeal waiver, he never addresses why it should not bar his appeal.

4

## Argument

This Court reviews de novo whether a defendant waived his right to appeal. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005). When a defendant appeals despite previously agreeing to an appeal waiver, the government may wait to move to dismiss the appeal until after the defendant files his brief, because only then will it be apparent whether the defendant's arguments fall outside the waiver. *United States v. Hollins-Johnson*, 6 F.4th 682, 684–85 (6th Cir. 2021).

Smith's appeal waiver bars this sentencing appeal and requires dismissal. This Court routinely dismisses appeals based on the waiver provision in a defendant's plea agreement. *See United States v. Ellis*, 115 F.4th 497, 500–02 (6th Cir. 2024); *United States v. Toth*, 668 F.3d 374, 378–79 (6th Cir. 2012); *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). Broad appeal waivers such as Smith's apply to all constituent parts of a sentence—including claims that a sentence was procedurally unreasonable. *McGilvery*, 403 F.3d at 362–63.

This Court has recognized the value of appeal waivers and the importance of enforcement:

> These appeal waivers can benefit both sides. Defendants can extract useful 'concessions' from prosecutors—say, a concession not to seek some sentencing enhancement—as

5

> the price for giving up the right to appeal. Prosecutors can preserve their limited public resources by avoiding the costs of defending against the appeal. But prosecutors would not agree to this exchange if appellate courts regularly allowed defendants to violate the agreement by appealing any and every issue.

*Ellis*, 115 F.4th at 500.

This Court has also made clear that it "strongly encourage[s] the government to promptly file a motion to dismiss the defendant's appeal where the defendant waived his appellate rights as part of a plea agreement." *McGilvery*, 403 F.3d at 363. Dismissal by a motions panel allows the Court and parties to avoid needlessly devoting time and resources addressing the purported merits of a waived appeal. *Id.*

An appeal waiver is enforceable if the defendant's waiver of his appellate rights was knowing and voluntary. *Toth*, 668 F.3d at 378–79. This Court "determine[s] whether the waiver was knowing and voluntary by looking at the written plea agreement and the plea colloquy." *United States v. Holdbrook*, No. 22-3061, 2024 WL 124735, at *3 (6th Cir. Jan. 11, 2024).

Here, as part of his plea agreement, Smith expressly agreed to waive "any right" to appeal his sentence "on any grounds," with just one exception: if his sentence exceeded 235 months or the midpoint of the guideline range, whichever is greater. (R. 22: Plea Agreement, 91). In

signing the plea agreement, Smith and his counsel "agree[d] that the defendant has read or been read the entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney." (*Id.*, 94). Smith "further agree[d] that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation." (*Id.*).

At the plea hearing, Smith confirmed that he understood the plea agreement, he had sufficient time to discuss it with his attorney, and he was satisfied with his attorney's advice and counsel. (R.43: Plea Hearing, 468, 477). Smith told the district court that it was his decision alone to plead guilty and that no one had threatened or forced him to plead guilty. (*Id.*, 493-94). At the court's prompting, the government counsel correctly explained that Smith was giving up his right to appeal his conviction and sentence on any grounds unless his sentence exceeded 235 months or the midpoint of the guideline range, whichever was higher. (*Id.*, 486). *See United States v. Wilson*, 438 F.3d 672, 674 (6th Cir. 2006) (finding defendant's plea was knowing and voluntary where prosecutor explained material terms of agreement to defendant at plea hearing instead of the court).

7

## Conclusion

Accordingly, this Court should dismiss Smith's appeal as barred by the appeal waiver in his plea agreement.

Respectfully submitted,

Jerome F. Gorgon, Jr.
United States Attorney

*/s/ Robert A. Moran*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9553
robert.moran@usdoj.gov

Date: 12/01/2025

## Certificate of Compliance

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 1449 words. This motion complies with the typeface requirements of Rule 3(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

*/s/ Robert A. Moran*
Robert A. Moran
Assistant United States Attorney

## Certificate of Service

I hereby certify that on 12/01/2025, I electronically filed this motion with the Clerk of the United States Court of Appeals for the Sixth Circuit using the ECF system which will send notification of this filing to the following attorney for the defendant:

        Gerald Evelyn
        geraldevelyn@yahoo.com

        */s/ Robert A. Moran*
        Robert A. Moran
        Assistant United States Attorney