No. 25-1470

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Jun 17, 2026

KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,           )
                                    )
    Plaintiff-Appellee,             )
                                    )
v.                                  )           O R D E R
                                    )
WILLIAM A. SMITH,                   )
                                    )
    Defendant-Appellant.            )

Before: NORRIS, NALBANDIAN, and HERMANDORFER, Circuit Judges.

William A. Smith appeals the district court's judgment in his criminal case after he pleaded guilty to wire fraud and laundering of monetary instruments. The government moves to dismiss his appeal based on the appellate-waiver provision in his plea agreement. For the reasons below, we grant the motion and dismiss Smith's appeal.

"It is well settled that a defendant 'may waive any right, even a constitutional right, by means of a plea agreement.'" *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). Thus, "[o]nly challenges to the validity of the waiver itself will be entertained on appeal." *Id.* These include challenges "on the grounds that it was not knowing and voluntary, was not taken in compliance with [Federal Rule of Criminal Procedure] 11, or was the product of ineffective assistance of counsel." *United States v.*

*Detloff*, 794 F.3d 588, 592 (6th Cir. 2015) (quoting *United States v. Atkinson*, 354 F. App'x 250, 252 (6th Cir. 2009) (per curiam)).

Smith does not attack the validity of the appellate-waiver provision in his plea agreement. And the arguments he raises on appeal fall within the scope of the waiver. Smith argues that the district court imposed his sentence arbitrarily and that it should not have applied both sophisticated-means and sophisticated-laundering enhancements when calculating his offense level. But Smith "waive[d] any right he may have to appeal his sentence on any grounds" if his "sentence of imprisonment does not exceed the midpoint of the guideline range determined by the Court or 235 months, whichever is greater." Plea Agreement, R.22, PageID 91. The district court sentenced Smith to 228 months imprisonment. That means the appellate waiver bars Smith's appeal.

Therefore, the motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk